CLARK et al. v. McGHEE et al.

(Circuit Court of Appeals, Fifth Circuit. May 3, 1898.)

No. 680.

1. APPEALS—FROM INTERLOCUTORY ORDERS—FINAL DISPOSITION—REMANDING

On an appeal from an interlocutory order the court has power to hear the whole case, and to make final disposition of it; but where the record is insufficient or incomplete, the court will only consider whether the interlocutory order was providently granted.

2. TAXES—PROPERTY IN COURT'S CUSTODY—ACTION STAYED.

A court whose receiver is in charge of a railroad may properly allow an injunction pendente lite forbidding the state taxing officers to collect disputed taxes levied against a part of the railroad property.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

Wm. J. Wood, for appellants.

Milton Humes, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

McCORMICK, Circuit Judge.    The Memphis & Charleston Railroad Company owns a railroad with about 160 miles of main track and 17 miles of side track in the state of Alabama.    Its property in Alabama is in the hands of receivers appointed by the circuit court for the Northern district of Alabama.    On the 12th of April, 1897, these receivers, C. M. McGhee and Henry Fink, exhibited their bill to the judge of that court, by which they were appointed, complaining therein of J. O. Clark, as tax assessor of Colbert county, and of M. Malone, as tax assessor of Lauderdale county, in that state.    In their bill they show, in substance, that the property of the railroad which by law is made returnable to the state auditor includes a bridge about one-half mile long on the Florence branch of the railroad, which bridge crosses the Tennessee river at the town of Florence, and is partly in each of the counties for which the defendants are assessors of taxes; that by law the receivers were required to return to the auditor the total length of the railroad in the state of Alabama, including the right of way, roadbed, side tracks, and main track in the state, and specifying the total length in the state and in each county, city, and incorporated town thereof, and also of the number of locomotive engines, and passenger, freight, platform, construction, and other cars of said company, and of the average amount and value of merchandise and supplies kept or carried on trains for sale or other disposition for a profit by the company to employés or other persons; that the valuation of the property of railroad companies for taxation is required in Alabama to be made upon the same principles as the valuation of every other species of property,—that is to say, the valuation of such property shall be had exclusively upon the consideration of what a clear, fee-simple title thereto would sell for under the conditions under which that character of property is most usually sold; that the railroad property in the custody of the receivers has been thus returned by the receivers, and valued and assessed by the state board of assessment from time to time as required by law, and the taxes so assessed have been fully paid as required by law; that the Florence bridge is so constructed that it can be used, and it has been and is being used, as a thoroughfare over which persons, animals, and vehicles other than railroad cars pass and repass, paying a regular toll therefor; that all of the substructure of the bridge—that which supports the thoroughfare superstructure and that which supports the superstructure for the passage of trains—is identical and is necessary for the support and maintenance of the bridge as a railroad bridge; that the thoroughfare feature is a mere incident to the whole structure, the chief office, purpose, and use of the bridge being for the passage of trains of the Memphis & Charleston Railroad and of such other railroads as by con-

tract pass their trains over the same; that for more than ten years the owners of the Memphis & Charleston Railroad have made their returns to the state auditor as required by the law now in force, and they have duly paid their taxes assessed thereon, and have made no other return of the Florence bridge than such as is embraced in the return of its property, as above set out, to the auditor for assessment by the state board of assessment; that the defendants have undertaken to assess as property escaped from taxation for the five years last past, including the year 1892, that portion of said Florence bridge which the assessors have undertaken by their assessment to separate and segregate from the other portion of the bridge, namely, the thoroughfare portion thereof, making for the portion in Lauderdale county for the five years an aggregate valuation of $450,000, and on that portion in Colbert county, for the same period, an aggregate valuation of $337,500, or $787,500 altogether, and have notified the receivers that it is the purpose of the defendants to take steps immediately to enforce the collection of the tax so assessed. The receivers allege that the entire tax on the property of the Memphis & Charleston Railroad Company due and owing to the state of Alabama, and each and every county and municipality thereof, has heretofore been fully paid and discharged, and that said assessment is unlawful and unauthorized by law, and its enforcement, as they are advised, should be perpetually enjoined by the court. In accordance with the prayer, the circuit court granted a restraining order, which subsequently was continued in force until the further order of the court, and the motion of the defendants to dissolve the same was refused at a later day, from which orders of the court this appeal is taken. The motion to dissolve the restraining order presents seven grounds on which the dissolution was asked, going to the merits of the whole case.

The assignment of errors is, in substance, that the court erred in overruling all and each of these grounds of the motion to dissolve the restraining order. The counsel for each of the parties, respectively, have submitted printed briefs and oral argument addressed to the merits of the whole case, as though the appeal was from a decree passed on the final hearing. It is settled that in such a case as this we have jurisdiction on this appeal from an interlocutory order to consider the whole case as the counsel have presented it, and doubtless it is the wish of both parties that the decision now should dispose of the case. But, after a careful examination of the record brought up, with all of the provisions of the statutes of Alabama which appear to us to bear on the subject, we do not feel that we are required or fully prepared now to make such final disposition of the issues presented, and we prefer to consider only whether on the bill and the answer and exhibits the circuit court acted improvidently in granting and refusing to dissolve the restraining order. The property being in the custody of the court, any charge upon it, even for taxes, could only be enforced against it through the orders of the court; and upon the coming in of this bill the judge of the court might very well insist that the hands of the executive officers should be stayed until the issue between them and the receivers as to its liability to the charge sought

to be fastened on it could be passed upon by the court in the regular course of proceeding for the final hearing of such issue.

There is evidently a substantial issue between the receivers and the assessors. The bridge is certainly not an ordinary toll bridge, owned and operated by a toll-bridge company. It is certainly a very substantial and necessary railroad bridge, owned and operated by a railroad company, and it constitutes nearly a half mile of the length of its track in the state of Alabama. The railroad company, under an express grant of power, heretofore acquired, and is still exercising, the franchise of a toll-bridge company at that place, and the bridge in question is so constructed as to enable the railroad company, as the owner of the franchise for the toll bridge, to discharge its duty to the public, and to get a revenue therefrom. It would seem, therefore, that there is a property here not necessary to the operation of the railroad, or necessarily included in the returns made to the state auditor. But what part of this bridge is a toll bridge? Not the whole of it necessarily, because the railroad bridge must have a substructure, and there is but one substructure to the two-story superstructure. This inherent union of elements not only attaches to the structure as it stands, but it also attaches equally to the matter of its maintenance. There is a provision in the tax laws of Alabama which, having before us only its letter, and having no exemplification, by testimony or otherwise, of its practical application, we find it difficult to construe. It is under the subtitle "Other subjects of taxation and rates thereon," and reads thus: "(3) On the gross incomes of all gas works, electric light companies, telephone companies, street railways, toll bridges and ferries, and also all canals, ditches, channels, passes, tramroads and pole-roads used for transporting timber or other valuable commodities of commerce, at the rate that property is taxed." Code Ala. 1896, § 3912, subd. 3. We think the final disposition of the questions here presented requires an ampler record than we have before us, and therefore we affirm the action of the circuit court in refusing to dissolve the restraining order on the grounds presented, and remand the cause to be proceeded with to a final hearing according to the practice in such cases.