## In re EPPSTEIN.

(Circuit Court of Appeals, Eighth Circuit.   September 2, 1907.)

### No. 62.

1. BANKRUPTCY—JURISDICTION—SUMMARY PROCEEDING.

A court of bankruptcy may by summary process require those who assert title to, or an interest in, property which has rightfully come into its possession and control as part of the bankrupt's estate, to present their claims to that court, and, the notice being reasonable, may proceed to adjudicate the merits of such claims.

2. SAME—PROPERTY IN CUSTODIA LEGIS—INTERFERENCE WITH MUST BE WITH COURT'S SANCTION.

While property in the course of administration under the bankruptcy act is not exempted from taxation, or freed from tax liens or claims theretofore fastened upon it, it is nevertheless in custodia legis, and a preexisting tax lien or claim cannot be converted into a full title by the procurement of a tax deed without the court's sanction.

(Syllabus by the Court.)

Petition for Revision of Order of the District Court of the United States for the District of Colorado, in Bankruptcy.

Ernest Morris, Alfred Muller, and M. Summerfield, for petitioner. E. W. Hurlbut, for respondent.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge.   The Colorado Carlsbad Water Company, a corporation existing under the laws of Colorado, was adjudged a bankrupt upon the petition of creditors.   Before the petition

was filed certain real property of the bankrupt had been sold for taxes, but the title, the right of possession, and the actual possession remained with the bankrupt, and these passed to the trustee upon his qualification. After the lapse of the three years designated in the redemption statute, and while the property was yet in the custody and control of the court of bankruptcy as part of the bankrupt's estate, the holder of the tax sale certificate, without the leave of that court, applied to the county treasurer and obtained a tax deed purporting to invest him with all the right, title, and interest of the bankrupt as the former owner. Thereafter the trustee, learning of the sale and deed, tendered to the claimant thereunder the amount for which the property had been sold, with statutory interest, penalties, and costs, and demanded a surrender of the tax title. The tender and request were refused, and, upon the trustee's petition, the claimant was ordered to show cause why the deed should not be set aside. He appeared and objected that his right could not be adjudicated in a summary proceeding, whereupon the objection was sustained and the petition dismissed. A petition for revision brings the matter here.

The question of jurisdiction is not free from doubt, but we are of opinion that the result of the cases is that a court of bankruptcy may by summary process require those who assert title to, or an interest in, property which has rightfully come into its possession and control as part of the bankrupt's estate, to present their claims to that court, and, the notice being reasonable, may proceed to adjudicate the merits of such claims. In re Kellogg, 121 Fed. 333, 57 C. C. A. 547; In re Rochford, 124 Fed. 182, 59 C. C. A. 388.

The question of the merits must also, upon authority, be ruled in favor of the trustee. Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; Ledoux v. La Bee (C. C.) 83 Fed. 761; Clark v. McGhee, 87 Fed. 789, 31 C. C. A. 321; Virginia, etc., Co. v. Bristol Land Co. (C. C.) 88 Fed. 134; Johnson v. Southern, etc., Ass'n (C. C.) 132 Fed. 540. We do not mean that property in the course of administration under the bankruptcy act is exempt from taxation, or freed from tax liens or claims theretofore fastened upon it (Swarts v. Hammer, 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060, and cases supra), but that it is in custodia legis, and that any act interfering with the court's possession, or with its power of control and disposal, and done without its sanction, is void. The general rule is practically conceded, but it is said that the procurement of the tax deed was not such an interference, because it merely perfected an incipient title, and did not disturb the possession. The distinction does not impress us. The issuance of the deed was the principal act connected with the sale. If effective, it extinguished the right of redemption, which was still alive, transferred to the vendee the title and right of possession, became prima facie evidence of the validity of the sale and the proceedings anterior to it, and started the statute of limitations to running against any claim to the contrary. The attempt to thus strip the court of all but the naked possession was plainly an interference with its power of control and disposal, and consequently was of no effect with-

out its sanction, although the possession was not then disturbed. Such is the effect of the ruling in Wiswall v. Sampson, and Barton v. Barbour, supra. The cases of Rice v. Jerome, 97 Fed. 719, 38 C. C. A. 388, and Whitehead v. Farmers' Loan & Trust Co., 98 Fed. 10, 39 C. C. A. 34, relied upon as expressing a contrary conclusion, do not, as we think, go further than to hold that when the question is presented to the court before the tax deed is issued, and it appears that there is no lawful objection to the recognition of the tax claim and that there has been no offer to redeem, the fact that the property is in custodia legis is not of itself enough to warrant the court in withholding its sanction to, or in enjoining, the issuance of the deed.

We are accordingly of opinion that the dismissal of the trustee's petition was error, and the case is remanded to the District Court with directions to vacate the order of dismissal, to grant the claimant reasonable time within which to meet the petition upon the merits, and to take such other proceedings as may be proper in the premises.