PLAUT v. GORHAM MFG. CO. et al.

(District Court, S. D. New York. February 4, 1908.)

BANKRUPTCY—POSSESSION OF PROPERTY—RECOVERY—JURISDICTION.

Where a complaint alleged that the bankrupt's receiver occupied the premises in controversy under a lease held by the bankrupt for the month of August, 1906, and that defendant wrongfully dispossessed such receiver in September under a warrant issued by a magistrate without jurisdiction, and had since been in possession, the bankruptcy court had jurisdiction of the suit by the bankrupt's trustee to recover possession of the property under the lease; the property having been once in the possession of an officer of such court.

Myers & Goldsmith, for complainant.

George Carleton Comstock (J. Noble Hayes, of counsel), for defendants.

HOLT, District Judge. This is a demurrer to a complaint on the ground that the court has no jurisdiction. The suit is brought to recover the possession of property under a lease held by the bankrupt, which the defendant claims was terminated by a judgment in dispossess proceedings.

The complaint alleges that the receiver occupied the premises for the month of August, 1906, and that the defendant the Gorham Manufacturing Company wrongfully dispossessed him in September, under a dispossess warrant issued by a magistrate without jurisdiction, and has since been in possession. I think that these allegations show that this court has jurisdiction. I understand the test to be whether the property is or has been in the possession of an officer of the bankruptcy court. If it is in such possession, claimants can be cited into the bankruptcy court to determine the validity of any claims or liens asserted against

it. In re Rochford, 124 Fed. 182, 59 C. C. A. 588; In re Kellogg, 121 Fed. 333, 37 C. C. A. 547; In re Eppstein (C. C. A.) 156 Fed. 42. If it has been in such possession, and has been wrongfully withdrawn from such possession, suits may be brought in the bankruptcy court to recover it. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157. It is in the cases where property claimed to belong to the bankrupt is and always has been in the possession of another party that this court has no jurisdiction, as held in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, unless the property has been fraudulently or preferentially transferred, as provided for in the amendments of the bankrupt act in 1903.

My conclusion is that the demurrer should be overruled, with leave to the defendants to answer on payment of costs.