### In re SCHMICK HANDLE & LUMBER CO.

### In re HOLLINGSWORTH & WHITNEY CO.

(District Court, D. Maine. June 24, 1916.)

#### No. 324.

1. BANKRUPTCY ☞288(1) —JURISDICTION—SUMMARY PROCEEDINGS.
    Where a fund is within the jurisdiction of a bankruptcy court, it may summarily, and without the plenary suit authorized by Bankr. Act July 1, 1898, c. 541, §§ 23, 60, 30 Stat. 552, 562 (Comp. St. 1913, §§ 9607, 9644), adjudicate disputed rights thereto.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ☞288(1).]

2. BANKRUPTCY ☞ 288(1) —COURTS—JURISDICTION.
    Where the claimant of timber agreed with the receivers in bankruptcy to manufacture it into lumber, and, after deducting the cost, to pay over the proceeds for the receivers, or their successors, to hold as officers of the bankruptcy court, the bankruptcy court had possession of the fund,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and so could summarily determine whether the bankrupt's estate or the claimant was entitled to it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ☞288(1).]

In Bankruptcy. In the matter of the bankruptcy of the Schmick Handle & Lumber Company. Proceedings to review the order of the referee, denying the claim of Hollingsworth & Whitney Company to a fund in possession of the trustees in bankruptcy. Order affirmed.

Andrews & Nelson, of Augusta, Me., and Butler & Butler, of Skowhegan, Me., for claimant.

William R. Pattangall and Thomas Leigh, both of Augusta, Me., for trustees in bankruptcy.

HALE, District Judge. This case brings before the court the report of the special master, Fremont J. C. Little, on petition of the trustees in bankruptcy for an order directing Hollingsworth & Whitney Company to show title to a certain fund of $16,128.86 and accrued interest thereon, deposited in the custody of the trustees, under terms of a stipulation filed in this court. The master has found that the fund is the property of the bankrupt estate. The report of the master presents the controversy. The master acted under a commission, as follows:

"In re Fund of $16,128.86 in the Custody of the Trustees in Bankruptcy and Claim of Ownership Thereto by Hollingsworth & Whitney Company.

"Whereas a petition by the trustees in bankruptcy of the Schmick Handle & Lumber Company for an order directing Hollingsworth & Whitney Company to set up and present any claim of ownership, or of right, title, or interest, which it may have to a fund of $16,128.86 in the custody of the trustees in bankruptcy, as by said petition more fully appears, or show cause why it should not do so, and in default thereof to be forever barred, was filed in said court on May 12, 1915;

"And whereas, upon said petition, an order to show cause duly issued by order of court returnable May 28, 1915;

"And whereas, on the return date of said order, to wit, on May 28, 1915, service of the same was duly proved as ordered;

"And whereas, on said May 28, 1915, the special appearance of Butler & Butler and Andrews & Nelson was entered for the Hollingsworth & Whitney Company, for the purpose of filing a motion to dismiss;

"And whereas, on said May 28, 1915, a motion to dismiss was filed by the Hollingsworth & Whitney Company, and upon hearing was denied by the court;

"And whereas, on May 28, 1915, it was ordered (Hale, J.) that the defendants file their answer to said petition on or before July 6, 1915;

"And whereas, on July 5, 1915, there was filed answer in lieu of demurrer, and answer of the Hollingsworth & Whitney Company;

"It is, this 6th day of October, A. D. 1915, ordered (Hale, J.):

"That the issue made by said petition and said answer be referred to Fremont J. C. Little, Esq., of Augusta, in the district of Maine, as a special master in chancery, who is hereby directed to take testimony concerning the same and report said testimony, with the findings of fact and conclusions of law thereon, to the court with all convenient speed."

The principal question of fact referred to the special master was whether the bankrupt estate, or the claimant, is entitled to the net proceeds of the sale of 1,862,000 feet of pine, fir, and hardwood logs, amounting to $16,128.86 and accrued interest thereon, since July 1,

1915, now deposited in the Granite National Bank of Augusta, in the name of the trustees of the bankrupt estate as a special deposit.

After a full hearing, the special master decided that the bankrupt estate is entitled to the proceeds of the sale. He made further findings, both of law and fact, which are now before the court.

[1, 2] At the threshold of the proceeding, the jurisdiction of the court is denied by Hollingsworth & Whitney Company, the claimants, who contend that the question of title now before the court cannot be decided in a summary proceeding in a bankruptcy court, but must be decided in a court having jurisdiction over the claimant, or the property held by him; and if the matter be taken up in the bankruptcy court it must be taken up in plenary proceedings, rather than in a summary proceeding.

On this question of jurisdiction it appears that the petition in bankruptcy was filed against the Schmick Handle & Lumber Company on the 20th day of January, 1914; that immediately thereafter the court appointed Frank E. Boston and John Howard Hill receivers in bankruptcy for the bankrupt corporation; that the receivers qualified as such, and took charge of the bankrupt estate until later, when Frank E. Boston, Carroll N. Perkins, and Harold E. Cook were appointed trustees of the bankrupt estate; then the management of the estate came into the hands of these trustees.

On February 12, 1914, the receivers entered into an agreement with the claimant company, which agreement was approved by this court. The agreement is as follows:·

"Memorandum of agreement this day made and entered into by and between Frank E. Boston and John Howard Hill, receivers in bankruptcy of Schmick Handle & Lumber Company, duly appointed by the United States District Court for the District of Maine on January 22, 1914, and as such duly qualified, party of the first part, and Hollingsworth & Whitney Company, a corporation having a principal place of business in Boston, Massachusetts, party of the second part, witnesseth:

"That whereas, there are now in the woods in Bald Mountain township, Somerset county, Maine, a quantity of pine, fir, and hardwood logs, approximating one million eight hundred sixty-two thousand (1,862,000) feet, which said logs are claimed both by said receivers as the property of said bankrupt, and also by said Hollingsworth & Whitney Company as its property; and

"Whereas, unless said logs are forthwith hauled from the woods and manufactured into lumber they will become a total loss;

"Now, therefore, it is hereby mutually stipulated and agreed:

"1. That the said Hollingsworth & Whitney Company will advance the necessary funds to pay off and discharge all valid lien claims for labor or on account of said logs, and will further advance the necessary amount to defray expenses of hauling said logs from the woods and loading them on the cars, and will forthwith, as soon as may be, proceed to sell said logs at the most advantageous price or prices the said company can obtain for the same in the market.

"2. It is further agreed that the question of the ownership of said logs shall as soon as possible be submitted by the parties hereto for determination by the court or courts having jurisdiction thereof, and that the proceeds of said sale, when received, after deducting the amounts paid by said company in discharging all lien claims and all expenses of hauling and loading said logs, together with interest at the rate of 6 per cent. per annum upon the moneys advanced and employed by said company in the premises, and together also with proper compensation to said company for its services or those of its agents and employés herein, shall be paid by said company to said

receivers or their successors in authority, and shall be held in their hands as officers of the bankruptcy court, subject to the final judgment of the court or courts having jurisdiction of the premises, determining all questions concerning the ownership of said logs and the net proceeds received from the sale thereof as between said receivers or their successors in office and said Hollingsworth & Whitney Company, or any other persons or parties.

"3. And it is hereby further stipulated that nothing contained in this agreement shall in any way prejudice any claim of ownership, right, or title of either party hereto, in or to said logs or the proceeds of the same, but said claim of ownership shall be determined by the court or courts having jurisdiction of the premises in all respects as if this agreement had never been made.

"In witness whereof the said receivers have hereunto set their hands and seals, and the said Hollingsworth & Whitney Company has caused these presents to be signed and its seal to be affixed by its president hereunto duly authorized this 12th day of February, 1914.

"Frank E. Boston,

"John Howard Hill,

"Receivers of Schmick Handle & Lumber Co.

"Hollingsworth & Whitney Company  [Seal]

"By Waldo E. Pratt, President."

In pursuance of this agreement, the Hollingsworth & Whitney Company converted the logs in question into cash, paid the bills on them, and rendered an account to the trustees in bankruptcy, who had succeeded the receivers. This account shows a balance in the hands of the claimant company of $16,128.86. This sum was accordingly paid over by the claimant company to the trustees in bankruptcy, and becomes the subject of this controversy. The learned counsel for the claimant contends that this court has no jurisdiction of the merits of this matter in a summary proceeding, for the reason that neither the trustees, nor other officers of the court, have ever reduced, or attempted to reduce, the property to possession as assets of the bankrupt. The contention is that the trustees are not in actual possession of the fund in question in a legal sense; that the claimant is asserting adverse claim of ownership in good faith; and that the rights of the parties must be settled in a plenary suit, and not in a summary proceeding in bankruptcy. The claimants' specific proposition is that a plenary suit against a third person, to assert title to property claimed as assets of the bankrupt, can be brought only in a court having jurisdiction generally over such a suit, and cannot be maintained as a step in bankruptcy proceedings; but that the rights of the parties must be settled in a plenary suit brought by the trustee, either in a state court or in this court, under sections 23 and 60 of the Bankruptcy Act. The claimant presents this contention with force, and cites, among others, the following cases: Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Bardes v. Hawarden Bank, 178 U. S. 524, 532, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; In re Rathman, 183 Fed. 913, 106 C. C. A. 253; In re Shea (D. C.) 211 Fed. 365.

The test upon which the question before the court must be decided was stated by Judge Sanborn in the Rathman Case, 183 Fed. 913, 106

C. C. A. 253: That the summary jurisdiction of the court can be sustained only when the bankruptcy court, through the acts of its officers, such as referees, receivers, or trustees, has taken possession of the res as the property of the bankrupt. In Plaut v. Gorham Manufacturing Co. (D. C.) 159 Fed. 754, Judge Holt followed this test, and said:

"I understand the test to be whether the property is or has been in the possession of an officer of the bankruptcy court. If it is in such possession, claimants can be cited into the bankruptcy court to determine the validity of any claims or liens asserted against them."

In the McMahon Case, 147 Fed. 684, 77 C. C. A. 668, in speaking for the Circuit Court of Appeals, Judge Lurton said:

"Possession of the res draws to the court jurisdiction of all questions in respect to title or liens." Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Toledo & Railroad Co. v. Continental Trust Co., 95 Fed. 497, 36 C. C. A. 155; Chauncey v. Dyke Bros., 119 Fed. 1, 55 C. C. A. 579; In re Rochford, 124 Fed. 182, 59 C. C. A. 388; In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465.

In the case at bar the agreement recites that there are now in the woods in Bald Mountain township a certain quantity of logs claimed by the receivers and also by Hollingsworth & Whitney Company; that Hollingsworth & Whitney Company will advance the necessary funds to pay off and discharge all liens and to defray expenses of hauling, and will proceed to sell the logs at the best price possible; that the question of the ownership of the logs shall, as soon as possible, be submitted for determination, by a court or courts having jurisdiction thereof; and that the proceeds of the sale, when received, after deducting the amounts to be paid by the company in discharging liens and expenses of hauling, together with certain interest, after proper compensation to the company, shall be paid by the company to the receivers or their successors, and "shall be held in their hands as officers of the bankruptcy court," subject to the final judgment of the court or courts having jurisdiction of the premises.

The funds are now held by the trustees, as officers of the bankruptcy court. I am constrained to hold that the agreement itself fixes the jurisdiction of the court. The claimant company has submitted to the jurisdiction of the court, and has placed the funds in the hands of the officers of the court. Hence summary process is the proper method to determine the final ownership of the fund. I can have no doubt that the facts meet the test to which I have referred. The property is in possession of officers of the bankruptcy court. This court, then, has jurisdiction of the matter.

The ownership of the fund in question depends upon the ownership of the logs on Bald Mountain town, which were the subject of the agreement. That question of fact has been decided by the special master in his report. The special master had before him a large number of witnesses, and examined a mass of documentary evidence, as is shown by his report. He gives clearly the reasons for his decision.

After a careful examination of his report, the testimony, and the exhibits, I am satisfied with his conclusions, both of law and of fact.

I do not think it necessary to state in detail the facts to which the proofs relate, or to restate the conclusions of the special master. I affirm the findings of the special master, and I order that the fund of $16,128.86 now held by the trustees, as officers of this court, shall be made a part of the assets of the estate in bankruptcy.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes