## In re KELLOGG.

(Circuit Court of Appeals, Second Circuit.    March 12, 1903.)

### No. 23.

**1. BANKRUPTCY—USURY AS DEFENSE BY TRUSTEE.**

The defense of usury is available to the trustee in bankruptcy against a mortgagé given by the bankrupt, though the bankrupt conveyed the property subject to the mortgage, and the grantee conveyed it to the trustee; the conveyance by the bankrupt having been within four months of bankruptcy, and void, and the trustee having repudiated the conveyance, and taken possession of the property, and the conveyance by the grantee to the trustee having been merely a rescission by their mutual consent of the conveyance by the bankrupt.

**2. SAME—JURISDICTION OF BANKRUPTCY COURT.**

Under Bankr. Act 1898, § 2, subd. 7 [U. S. Comp. St. 1901, p. 3421], giving the bankruptcy court jurisdiction to cause the estates of bankrupts to be collected, reduced to money, and distributed, a'nd determine controversies in relation thereto, except as otherwise provided, it has jurisdiction to determine in summary proceedings before the referee the validity of a mortgage on property of the bankrupt, of which the trustee has obtained possession and legal title; the controversies not within the jurisdiction of such court being where the trustee brings an independent suit to assert title to property not in his possession or control.

**8. SAME—CONFLICT WITH STATE JURISDICTION.**

A New York state court does not acquire jurisdiction of property of a bankrupt, to the exclusion of the bankruptcy court, by the filing of the summons, complaint, and notice of pendency of an action to foreclose a mortgage thereon, without service of a summons required by Code Civ. Proc. N. Y. § 416, for commencement of an action before the trustee was appointed; the bankruptcy court having previously acquired jurisdiction by the filing of the petition in bankruptcy and the appointment of a receiver, who had qualified and taken possession of the property.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of New York, in Bankruptcy.

For opinion below, see 113 Fed. 120.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge.    Clara E. Kellogg on June 6, 1900, executed a usurious mortgage for $25,000 on certain real estate to Una R. Goslin, who afterwards assigned the same to Sophie La Grave, the petitioner herein.    On January 29, 1901, said Kellogg transferred said real estate, subject to said mortgage, to the C. E. Kellogg Company.    On February 14, 1901, involuntary bankruptcy proceedings were begun against said Clara E. Kellogg.    On March 1st she filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt, and a receiver was appointed, who immediately took actual possession of the mortgaged property; and on March 22, 1901, the receiver was duly made trustee.    On March 20, 1901, a summons, complaint, and notice of pendency of a suit by petition to foreclose said mortgage was filed in the office of the county clerk.    On April 2, 1901, said trustee commenced a proceeding to have said transfer to the Kellogg Company set aside as in fraud of creditors.    On the same day the corporation rescinded said transfer on the ground that said claim of fraudulent transfer had been made, and said action

had been begun by the trustee, and reconveyed said property to the trustee. It does not appear that the summons in the foreclosure suit had at that time been actually served on any defendant. Thereafter, upon due hearing, the referee entered an order declaring said mortgage void on the ground of usury, and directing that said property be sold free and clear of incumbrances. The petitioner then filed a petition to review, and the referee certified the following questions to the District Judge:

"First. Is the defense of usury available to a trustee in bankruptcy, as against an obligation of the bankrupt?

"Second. Can the question of validity and amount of a mortgage lien upon property in the bankrupt estate be determined in a summary proceeding before a referee?

"Third. Did the Supreme Court of the state of New York acquire jurisdiction of the property, to the exclusion of the United States District Court, by the filing of the summons, complaint, and notice of pendency of action of foreclosure, before the trustee was appointed; the bankruptcy court having previously acquired jurisdiction by the filing of the petition in bankruptcy and the appointment of a receiver, who had qualified and taken possession of the property prior to the commencement of said action and foreclosure?

"Fourth. Where the mortgagor, with intent to hinder and delay her creditors, conveys the mortgaged property to a corporation participating in such intent, and the trustee repudiates such transfer on account of such fraud, and takes possession of the property, and by mutual consent the fraudulent grantee and the trustee rescind such conveyance, does the fact that the property upon which the mortgagor has an apparent lien was transferred by the mortgagor to the said corporation after the recording of the mortgage, and subject to the lien thereof, before the beginning of the bankruptcy proceedings, preclude the trustee from pleading usury?

"Fifth. Was the mortgage void for usury, as a matter of fact?"

The District Court affirmed the report, decision, and order of the referee, and answered the first, second, fourth, and fifth questions in the affirmative, and the third question in the negative; and the petitioner now brings these orders and decisions, except the answer to the fifth question, before this court for review, and assigns the following errors:

"First. In that said court, and the judge thereof, did determine in said proceedings that the defense of usury was available to this trustee in bankruptcy against the bond and mortgage held by Sophie Marchias La Grave, the appellant, against said bankrupt and her property.

"Second. In that said court determined that the question of the validity and amount of the said bond and mortgage could be determined in the summary proceeding instituted before the referee in bankruptcy herein.

"Third. In that said court determined that the Supreme Court of the state of New York did not acquire exclusive jurisdiction of the property covered by said mortgage by the filing of the summons, complaint, and notice of the pendency of action in foreclosure before the trustee was appointed.

"Fourth. In that said court determined that although the property in question had been transferred by the bankrupt to the C. E. Kellogg Company, subject to the lien of the said mortgage, and thereafter transferred by the said corporation to the trustee in bankruptcy, the defense of usury was still available to said trustee."

The first assignment of error is the decision that defense of usury was available to the trustee.

That a trustee who takes title solely by the operation of the bankrupt law is a privy in estate with the borrower, and stands in the same relation to the mortgagee as the bankrupt, so far as the defense of

usury is concerned, seems to be pretty well settled. The general rule, as stated in Knickerbocker Life Insurance Company v. Nelson, 78 N. Y. 150, is as follows:

"All privies to the borrower, whether in blood, representation, or estate, may, both in law and equity, by appropriate legal and equitable defenses, attack or defend against contract or security given by the borrower, which is tainted with usury, or on the ground of such usury, where such contract or security affects the estate derived by them from the borrower."

Under Bankr. Act, § 70a [U. S. Comp. St. 1901, p. 3451], the trustee is vested by operation of law with the title of the bankrupt to all "powers which he [the bankrupt] might have exercised for his own benefit." The plaintiff, as trustee, stands in the shoes of the bankrupt. Wheelock v. Lee, 15 Abb. Prac. (N. S.) 28; Id., 64 N. Y. 243. He is the legal representative of the bankrupt. Wright v. First Nat. Bank, Fed. Cas. No. 18,078; Tamplin v. Wentworth, 99 Mass. 63; Gray v. Bennett, 3 Metc. (Mass.) 522; Moore v. Jones, 23 Vt. 739, Fed. Cas. No. 9,768; Tiffany v. Boatman's Institution, 18 Wall. 390, 21 L. Ed. 868.

But counsel for petitioner, in his fourth assignment of errors, relies on the fact that the trustee secured title by virtue of a conveyance from the Kellogg Company, bankrupt's grantee, to which the bankrupt had previously conveyed the property subject to the lien of the mortgage, and contends, therefore, that the trustee cannot avail himself of the defense of usury, which is personal to the borrower. But the question certified to us for decision on this point is not one of "title derived solely from that of the corporation," as contended by counsel for the petitioner. The case is one where the mortgagor, less than four months prior to her bankruptcy, "with intent to delay and hinder her creditors, conveys the mortgaged property to a corporation participating in such intent, and the trustee repudiates such transfer on account of such fraud, and takes possession of the property, and by mutual consent the fraudulent grantee and the trustee rescind such conveyance." And the question now presented is whether, in these circumstances, "the fact that the property upon which the mortgagee has an apparent lien was transferred by the mortgagor to the said corporation, after the recording of the mortgage and subject to the lien thereof, before the beginning of the bankruptcy proceedings, precludes the trustee from pleading usury." The transfer was confessedly fraudulent on the part of grantor and grantee, and was made within four months of the bankruptcy, and was void.

The second assignment of error raises the question as to the power of the bankruptcy court to determine the question of the validity and amount of said bond and mortgage in the summary proceedings instituted before the referee in bankruptcy. Did the bankruptcy court, after having acquired actual possession and control of the property, have power to determine the validity of the liens thereon? By subdivision 7, § 2, of the act [U. S. Comp. St. 1901, p. 3421], jurisdiction is conferred to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." The decisions are somewhat conflicting as to the scope of this provision, and

as to the power of the bankruptcy court in cases of conflicting jurisdiction. As Judge Wallace said in Re Baudouine, 3 Am. Bankr. Rep. 651, 101 Fed. 574:

"The language of clause 7 would seem to be sufficiently comprehensive to authorize the determination by courts of bankruptcy of every controversy relating to the estates of bankrupts. * * * Nevertheless, it is capable of a narrower construction, and can be read as extending only to controversies about property which actually belongs to the bankrupt's estate, or which arises strictly in the bankruptcy proceedings, such as those in reference to the marshaling of assets, or the extent and priority of conflicting liens."

Leidigh Carriage Co. v. Stengel, 37 C. C. A. 210, 95 Fed. 637; In re Chambers (D. C.) 98 Fed. 865; In re Russell, 41 C. C. A. 323, 101 Fed. 248; In re N. Y. Economical Printing Co., 49 C. C. A. 133, 110 Fed. 514; In re Pittelkow (D. C.) 92 Fed. 901; In re Wells (D. C.) 114 Fed. 222; In re Tune (D. C.) 115 Fed. 906.

In the consideration of this question, the decision of the Supreme Court in Bardes v. Hawarden Bank, 178 U. S. 524, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175, should not be overlooked. But this case "related exclusively to jurisdiction of a suit by the trustee after his appointment." Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. And in the light of the views expressed by the Supreme Court in White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, decided the same day, and in Bryan v. Bernheimer, supra, and Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, it would seem that the controversies in relation to the bankrupt estate, which, by reason of the limitations referred to in the clause "except as herein otherwise provided," do not come within the jurisdiction of the bankruptcy courts, are those where the trustee must bring an independent suit to assert title to money or property not in the possession or control of the trustee. These conclusions are in accord with the decisions under the former bankruptcy act. Ray v. Norseworthy, 23 Wall. 128, 134, 23 L. Ed. 116.

The final question is whether the Supreme Court of the state of New York acquired jurisdiction of the property, to the exclusion of the United States District Court, by the filing of the summons, complaint, and notice of pendency of the foreclosure action, before the trustee was appointed; the bankruptcy court having previously acquired jurisdiction by the filing of the petition in bankruptcy and the appointment of a receiver, who had qualified and taken possession of the property prior to the commencement of said action and foreclosure. Under the New York Code a civil action is commenced by the service of a summons. Code Civ. Proc. § 416. The effect of filing a notice of pendency of an action is to bind the person whose conveyance or incumbrance is subsequently executed or recorded, by all proceedings taken in the action after the filing of the notice, to the same extent as if he was a party to the action. Section 1671. A court can hardly obtain jurisdiction of parties until service of some kind is made upon them. The property was in the possession of the receiver under the bankruptcy proceedings, and so remained after the appointment of the receiver as trustee. The court in the foreclosure suit had not attempted to take possession. The adjudication was

equivalent to the commencement of an action and the filing of a lis pendens. It must be held that the bankruptcy court, upon such acquisition by the receiver of possession and undisputed legal title, had jurisdiction to determine the validity of the mortgage.

We find nothing in the opinion of the Supreme Court of the United States in Metcalf Bros. & Co. v. Benjamin Barker, Jr., Trustee (handed down since the argument of this case) 23 Sup. Ct. 67, 47 L. Ed. ——, which conflicts with the conclusions above stated.

The action of the District Court is affirmed.