In re REYNOLDS.

(District Court, D. Montana. October 24, 1904.)

No. 211.

1. BANKRUPTCY—ACTION BY TRUSTEE IN STATE COURT—EFFECT OF JUDGMENT.

Where, after an adjudication in bankruptcy, certain property of the bankrupt was taken from his possession by a mortgagee under a chattel mortgage given more than four months prior to the filing of the petition, it was competent for the trustee subsequently appointed, under the provision of Bankr. Act July 1, 1898, c. 541, § 23, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], to maintain an action against the mortgagee in a state court to recover the value of the property as on an implied assumpsit, and, having invoked the jurisdiction of such court, he is bound by its judgment rendered on the merits, and cannot thereafter institute summary proceedings in the bankruptcy court to recover the property on the ground that it was wrongfully taken from the custody of such court.

2. RES JUDICATA—JUDGMENT ON MERITS.

Under Code Civ. Proc. Mont. § 1005, a judgment of a state court dismissing the petition of a trustee in bankruptcy to recover the value of property of the bankrupt taken by defendant by virtue of a chattel mortgage, where the pleadings put in issue the validity of the mortgage and the question whether or not defendant wrongfully converted the property, is a judgment on the merits, which renders such questions res judicata between the parties.

In Bankruptcy. On demurrer to answer to petition of trustee.

Green & Cockrill and P. H. Leslie, for trustee.

A. C. Gormley and W. T. Pigott, for respondent W. J. Strain.

HUNT, District Judge. Thomas Reynolds filed his voluntary petition in bankruptcy on March 15, 1902, and on March 17, 1902, was duly adjudged a bankrupt. On April 5, 1902, John Denham, the petitioner herein, was duly appointed trustee of the bankrupt's estate. The petitioner, as trustee, filed his petition, alleging, among other things, that on September 6, 1901, Reynolds, the bankrupt, executed and delivered to W. J. Strain a chattel mortgage on certain personal property, then in his possession and situated in a hotel at Great Falls, Mont., to secure payment of a certain promissory note of that date for $1,000, payable to said Strain; that the aforesaid chattel mortgage was filed in the office of the county clerk and recorder on March 13, 1902; that on March 22, 1902, and after the adjudication of bankruptcy, Strain, not then being in possession of the said property, did take the property described in the mortgage, and on said date, claiming under said mortgage, took the same away from the place where it was, and while the property was in the actual possession of the bankrupt. It was further alleged that Denham, trustee, prior to the filing of the petition herein, demanded of Strain the possession of the property mortgaged, which was refused. By answer, Strain appeared and averred that this court had no jurisdiction, and that under the facts pleaded the petitioner failed to state a cause of action. Strain then admitted filing the petition in bankruptcy and adjudication, and admitted execution and delivery of the mortgage, the taking of the goods from the possession of the bankrupt, Reynolds, demand, and refusal of delivery. He then alleged that the taking was rightful and under the terms of the mortgage, and pleaded that the petitioner, as trustee, had instituted suit in the state court against him, the said Strain; that such proceedings were had in the said state court that judgment was rendered on the merits in favor of Strain and against the petitioner, Denham. Laches were also charged against the petitioner. A general demurrer was interposed to the answer.

Judge Knowles held, in effect, that under the pleadings, after the adjudication of bankruptcy, the possession of all property then in the peaceful possession of the bankrupt vested in the court of bankruptcy, and that seizure of the property thereafter was an unlawful interference with the possession of the court, which might compel restoration by an order. It was also determined that the state court was without jurisdiction to determine the right of possession of the bankrupt's property in the suit instituted after the adjudication in bankruptcy. A full report of the matter will be found in (D. C.) 127 Fed. 760. After Judge Knowles' decision sustaining the demurrer of the petitioner to the answer of the respondent, Strain, leave was given by him to said respondent to file an amended answer. This amended answer admits the execution and delivery of the chattel mortgage to Strain; admits demand; denies that the value of the goods was greater than $1,000; pleads a rightful, peaceable taking under the chattel mortgage, and the terms thereof, which authorized a sale of the mortgaged chattels in case of default, and that Reynolds, the mortgagor, consented to the taking. Respondent also sets up that in April, 1902, upon demand by the trustee, he refused to surrender the possession of the property except upon the condition that the note and mortgage be satisfied; that

thereupon the trustee informed respondent that the mortgage was void, and would not be paid, and that it would be agreeable to him, the trustee, for respondent to keep the chattels so that the trustee might recover from respondent the value thereof as upon a sale by the trustee to the respondent. Respondent then pleads the institution of an action by the trustee against respondent in the state court, alleging that the pleadings in said action presented the issues which the trustee now, by his petition, seeks again to raise. Respondent alleges that a judgment upon the merits was rendered in his favor by the state court, wherein the action was dismissed, and it was ordered that respondent recover his costs. It is alleged that respondent relied upon the representations made to him by the trustee electing to waive the supposed tort, wrongful taking and unlawful detention, and sue upon an implied contract for the value of the goods, and that respondent, in reliance upon said representation and said election, sold the chattels to a third party after due notice, and that the amount realized from the sale was only enough to pay the note and mortgage and costs and expenses of sale. Respondent also pleads that the trustee, by his prosecution of the action in the state court, and by his acts as alleged in the complaint filed in the state court, waived the supposed tort, and is estopped from obtaining the relief by him now sought. Respondent sets up laches by the trustee, as he did in his original pleading. The trustee demurs to the amended answer, and moves to strike the same from the files.

The first question to determine is whether the state court had jurisdiction to hear and determine the action instituted by the trustee. On March 15, 1902, when Reynolds filed his petition in bankruptcy, and on March 17th, when he was adjudged a bankrupt, the actual possession of the property mortgaged was in the mortgagor, Reynolds. The trustee never had an actual possession thereof. Strain, as mortgagee, took possession under the terms of a chattel mortgage conceded to be valid in form under the laws of the state of Montana, and thereafter the trustee brought suit in the state court to recover the value of the property as upon an implied assumpsit by the mortgagee, Strain, to pay for it. The trustee, therefore, having voluntarily submitted himself and his rights to the jurisdiction of the state court, if he had authority to do this, will be bound by the adjudication, whether or not the decision of the state court was favorable or unfavorable to him. Mays v. Fritton, 20 Wall. 414, 22 L. Ed. 389. The powers and limitations granted and imposed by section 2 of the bankrupt law of July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], describing the jurisdiction of the courts, are simplified by observing the distinction declared between the proceedings in bankruptcy and civil actions at law or plenary suits in equity. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. The bankruptcy act of 1898 does not vest jurisdiction in the United States District Court, as a court of bankruptcy, to hear and determine civil actions not summary proceedings in bankruptcy. The Circuit Courts have jurisdiction in such actions in certain instances where there is a diverse citizenship, where the value exceeds $2,000, or where defendant may consent as defined by the act; but, as was held in the Bardes Case, one of the reasons for inserting the second clause of section 23 of the bankrupt

act of 1898, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], may well have been to leave controversies "not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustees in bankruptcy to assert a title to money or property as assets of the bankrupt against a stranger in these proceedings, * * * to be tried and determined for the most part in the local courts of the state, to the greater economy and convenience of litigants and witnesses." In the case before me there is no diverse citizenship. Strain was a stranger to the bankruptcy proceedings. The summary proceedings in bankruptcy could not afford a full trial upon the issues of fact as between the trustee and Strain, and no effort was made to remove the action from the state to the federal court, even had there been a concurrent jurisdiction. There was no federal question involved in the mere fact that the plaintiff was a trustee in bankruptcy for Reynolds, the bankrupt. This principle is laid down in the recent case of Spencer, Trustee, v. Duplan Silk Co. (decided by the Supreme Court in December, 1903) 24 Sup. Ct. 174, 48 L. Ed. 287. There Spencer, as trustee in bankruptcy, brought trover in a state court in Pennsylvania, alleging that on January 13, 1900, certain chattels were the property of Bennett and Rothrock, and that by virtue of an adjudication in bankruptcy on that day plaintiff succeeded to the title of the firm of Bennett & Rothrock to the chattels, and that thereafter, and on January 15, 1900, the defendant wrongfully converted them to his own use. The cause was removed to the United States Circuit Court on account of the diversity of citizenship, and it was there tried, plaintiff obtaining judgment. The Circuit Court of Appeals reversed the judgment, and thereafter the cause was taken to the Supreme Court by writ of error. The Supreme Court dismissed the writ on the ground that the decision of the Circuit Court of Appeals was final, because its jurisdiction depended wholly upon the diverse citizenship of the parties. Chief Justice Fuller, in delivering the opinion, said:

"Plaintiff's declaration set forth no matter raising any controversy under the Constitution, laws, or treaties of the United States. It is true that, if the lumber and materials belonged to Bennett & Rothrock on January 13, 1900, plaintiff in error succeeded to the title of the firm on the adjudication; but the question of Bennett & Rothrock's ownership on that day in itself involved no federal controversy, and the mere fact that the plaintiff was trustee in bankruptcy did not give jurisdiction. Bardes v. First Nat. Bank, 178 U. S. 524 [20 Sup. Ct. 1000, 44 L. Ed. 1175]. Indeed, if the case had not been removed, and had gone to judgment in the court of common pleas, and that judgment had been affirmed by the Supreme Court of Pennsylvania on the same grounds as those on which the Circuit Court of Appeals proceeded, a writ of error could not have been brought under section 709 of the Revised Statutes (U. S. Comp. St. 1901, p. 575), for the case would not have fallen within either of the classes enumerated in that section as the basis of our jurisdiction. The validity of the bankruptcy act was conceded, and no right specially set up or claimed under it was denied. Section 23 of the bankruptcy law does not enable us to maintain jurisdiction. The first two clauses read (before the amendment of February 5, 1903, 32 Stat. 797, c. 487 [U. S. Comp. St. Supp. 1903, p. 413]) as follows:

"'Sec. 23a. The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted, and

such controversies had been between the bankrupts and such adverse claimants.

" 'b. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant.' (30 Stat. 552, c. 541 [U. S. Comp. St. 1901, p. 3431]).

"Plaintiff brought his action in the state court, and its removal on the ground of diverse citizenship placed it in the Circuit Court as if it had been commenced there on that ground of jurisdiction, and not as if it had been commenced there by consent of defendant under section 23 of the bankruptcy act."

This decision seems determinative of the point that the trustee properly brought his action in the state court. See, also, Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Donaldson, Assignee, v. Farwell, 93 U. S. 631, 23 L. Ed. 993.

Undoubtedly, when Reynolds was adjudged to be a bankrupt, such adjudication had the force and effect of an attachment and injunction, and was a caveat to the world, and thereafter title to the bankrupt's property became vested in the trustee. But, on the other hand, rights which vested more than four months prior to the institution of bankruptcy proceedings were not impaired. Here, for example, Reynolds' ownership of the mortgaged chattels was subject to Strain's lien. As owner, Reynolds had the legal title, and Strain a special property. Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481.

It is argued that the case in the state court was not tried on its merits, and that there never was a judgment of recovery; but an examination of the pleadings in the action tried in the state court shows that the question of the validity of Strain's mortgage as against the trustee was raised, and that there was also involved the question of whether or not he unlawfully detained or converted the chattels so taken. The judgment of the state court was a dismissal of plaintiff's action, and that the defendant do have and recover from plaintiff, as trustee of the bankrupt, his costs. This was a proper form, and was on the merits. Section 1005, Code Civ. Proc. Mont. There were involved, and necessarily passed upon, the same matters which plaintiff would have decided here, as between himself and Strain; hence I think the question is res judicata. Black on Judgments, vol. 2, 604. Under this view of the jurisdictional question, it becomes unnecessary to express an opinion on the other points raised by the petitioner.

The demurrer is overruled, the rule to show cause is discharged, and the proceeding is dismissed.