## JAMES E. DAUGHTERS, Trustee,

*v.*

## JAMES CHRISTY *et al.*

*Opinion filed October 23, 1906—Rehearing denied Dec. 11, 1906.*

1. COURTS—*when State court will not take jurisdiction of bill by a trustee in bankruptcy.* A State court will not entertain a bill by a trustee in bankruptcy to reach the interest of the bankrupt in certain land, where the bankruptcy proceeding is pending in the Federal court at the time the bill is filed and the legal title to the interest sought to be reached is in the bankrupt, who scheduled the property as an asset in the Federal court.

2. HOMESTEAD—*as against a creditor the householder need not have title in fee.* As against a creditor it is not essential that a householder in possession of land occupied by him and his family as a homestead have a title in fee upon which to predicate his homestead right.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

WILLIAM T. DICKERMAN, for appellant.

A. J. RANEY, (FREEMAN K. BLAKE, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county sustaining a demurrer to a bill in chancery and dismissing the same for want of equity. The bill was filed February 14, 1906, from the averments of which it appears that the appellee James Christy, on October 14, 1902, was adjudged a bankrupt in the United States District Court for the Northern District of Illinois; that the appellant was appointed and qualified as trustee of said bankrupt's estate; that the only claim proven against the estate was one in favor of Elenor Lyman for the sum of $1010.30; that at the time said James Christy was adjudged a bankrupt he and his wife resided at No. 6143 Stewart avenue, in the city of Chicago; that the legal title to said premises was in S. S. Hadley, the father of Mrs. Christy; that said premises were purchased by James Christy on June 1, 1901, for the sum of $3500, of which amount he and his wife paid $900 and Hadley $2600; that James Christy scheduled in said bankruptcy proceeding the joint interest of himself and wife in said premises at $900; that on August 2, 1904, S. S. Hadley and wife conveyed said premises to James Christy and wife by warranty deed, and James Christy and wife executed and delivered to Hadley their promissory note for $2600, secured by mortgage on said premises, and James Christy was discharged as a bankrupt October 9, 1904.

It therefore appears at the time the bill was filed by the trustee to reach the interest of James Christy in said premises, the legal title thereto, subject to the $2600 mortgage thereon held by S. S. Hadley, was in James Christy and wife, and James Christy and wife had invested in said premises the sum of $900, one-half of which represented the interest therein of James Christy, and as the interest of James Christy in the premises was all that was sought to be reached by the

trustee and the bankruptcy proceeding was still pending in the United States District Court, we see no reason for filing a bill in the State court to reach James Christy's interest in said premises. The United States District Court, if the interest of James Christy in said premises was liable for the amount of the debts proven against his bankrupt estate, clearly had the right to order his interest in said premises sold and to apply the proceeds of the sale to the payment of said indebtedness. The general rule is, subject to few exceptions, that where a court of competent jurisdiction has assumed jurisdiction over a particular subject, a court of concurrent jurisdiction will not interfere with the subject matter of the litigation, but will leave the matter in the hands of the court first acquiring jurisdiction. The wisdom of that rule is here apparent. The United States District Court had jurisdiction of the *res*,—the property in question having been scheduled in that court as an asset of the bankrupt,—and the legal title to the interest therein sought to be reached in this proceeding at the time this bill was filed being in the bankrupt, the United States District Court, in a summary manner, if deemed proper, had the power to order the interest of the bankrupt in said premises divested by a sale and to fully protect the equities of the mortgagor in the premises, while a bill to accomplish the same object in the State court would be accompanied by great delay and expense. We therefore think it clear that the superior court, for the reason suggested, did not err in sustaining a demurrer to the bill filed by the trustee.

There is, however, another reason why the bill cannot be maintained. The premises in question were occupied by James Christy and wife as a homestead at the time Christy was declared a bankrupt, and their joint interest therein did not exceed in value $1000, and James Christy's interest therein, by reason of said homestead right, was not liable for and could not be divested to raise a fund with which to pay the debts proven against him as a bankrupt.

It is, however, urged that James Christy did not have the legal title to said premises at the time he was adjudged a bankrupt, and it is said for that reason he had no homestead estate in said premises. We have never understood that it was necessary that the legal title to premises occupied as a homestead by the head of a family should be in the head of the family before the right of homestead would attach to said premises, as against the creditors of the head of the family. In *Rock* v. *Haas,* 110 Ill. 528, on page 533, it was said: "Three things must concur in the creation of a homestead estate: First, the person must be a householder; second, he must have a family; and third, the premises must be occupied as a residence. If either of these requisites is wanting the law will not create the estate of homestead." And in *Wike Bros.* v. *Garner,* 179 Ill. 257, on page 265, the court said: "We are inclined to the opinion that where a householder is in the exclusive possession of a lot of land occupied by him as a residence, it does not concern the judgment creditor whether such householder possesses the fee, an estate for life or for years, or what title he may have." If it were necessary that James Christy or his wife have the legal title to said premises before the homestead right would attach in their favor, they acquired the legal title thereto more than a year and six months before the bill in this case was filed. The controversy here, however, was between a creditor and a party claiming homestead, and under the repeated decisions of this court it was not necessary that the householder have the fee title upon which to predicate his homestead right.

Finding no reversible error in this record the decree of the superior court will be affirmed.          *Decree affirmed.*