BANKRUPTCY (§ 296*)—FEDERAL COURT—EQUITY SUIT—ACTION IN STATE COURT.

> The owner of land, having executed a mortgage providing for the appointment of a receiver of rents and profits in case of default, conveyed the property to a realty company, taking stock in the company in payment, by which company it was transferred to M. in trust for a trust company. Bankruptcy having intervened, the trustee in bankruptcy of the mortgagor, who held the realty company stock, commenced a suit in equity in a federal court to set aside the conveyance to M. as fraudulent, but did not make complainant, an assignee of the mortgage, a party to such suit; and default having been made in the conditions secured by the mortgage, complainant instituted a suit in a state court to foreclose, and obtained the appointment of a receiver of rents and profits. Held, that the trustee in bankruptcy, by omitting complainant in the action in the federal court, had rendered it impossible to protect complainant's rights by the decree in that action, and that the pendency thereof did not prevent the maintenance of complainant's suit to foreclose in the state court, under the rule that, when one court of equity of competent jurisdiction has assumed jurisdiction over the subject-matter, it will retain the same to the exclusion of all other courts.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 414; Dec. Dig. § 296.*]

Appeal from Special Term, New York County.

Action by the Mutual Life Insurance Company of New York against Joseph Fleischman and others. From an order denying a motion made by Charles L. Greenhall, as trustee in bankruptcy of defendant Fleischman, to vacate an order appointing a receiver of rents and profits in complainant's action to foreclose a mortgage on real property, Greenhall appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Clarence R. Freeman, for appellant.
Charles L. Griffin, for respondents.

SCOTT, J. This is an appeal from an order denying a motion by the appellant, as trustee in bankruptcy of Joseph Fleischman, a bankrupt, to set aside and vacate an order appointing a receiver of mortgaged premises. The appellant at the same time moved that the action be remitted to the United States District Court.

The action is for the foreclosure of a mortgage made on the 15th day of February, 1905, by Joseph Fleischman and wife to the County Holding Company, by that company assigned to the Lawyers' Title Insurance Company, and by the latter company assigned to plaintiff. The mortgage covers real estate situate in the city of New York, and contains a clause providing for the appointment of a receiver of the rents and profits in case of default by the mortgagor. Such default has occurred, and, this action having been begun, a receiver was duly appointed. Subsequent to making the above-mentioned mortgage,

---

Joseph Fleischman, the mortgagor, became a bankrupt, and the appellant was appointed his trustee in bankruptcy.

It appears that Fleischman, after making the mortgage, conveyed the mortgaged property to the National Center Realty Company, taking in payment therefor the stock of said Realty Company, which stock passed to the trustee in bankruptcy of said Fleischman. It also appears that the National Center Realty Company has transferred the real estate to one Robert B. Moorhead, in trust for the Carnegie Trust Company. This conveyance the trustee in bankruptcy deemed to be fraudulent, and on December 27, 1909, he commenced an action in equity in the United States District Court for the Southern District of New York to set aside the last-named conveyance. To that action plaintiff was not made a party, and it has proceeded to an interlocutory decree declaring the said conveyance to have been fraudulent and void as to the trustee in bankruptcy and others as stockholders of the National Center Realty Company, but making no reference to or provision for plaintiff's mortgage.

The appellant invokes the familiar rule that, when one court of equity of competent jurisdiction has assumed jurisdiction over the subject-matter of a litigation, it is entitled to retain the same to the exclusion of all other courts. The rule is well enough settled, but the difficulty lies in its application. The subject-matter of the litigation in the federal court is the title to the real estate subject to plaintiff's mortgage, and all that can be reached by a decree in that case, or is sought to be so reached, is what we are accustomed to call, inaccurately, perhaps, the equity of redemption. The plaintiff here is not concerned with the question of title. It is indifferent whether the title be found to be in Moorhead, or in the National Center Realty Company. All it seeks is to enforce its mortgage lien and collect its debt. Whether the federal court finds the true title to be in the Realty Company or in Moorhead is unimportant, for whichever has it holds it subject to the lien of plaintiff's mortgage. The trustee in bankruptcy, by his own act in omitting to make plaintiff a party to the action in the federal court, has rendered it impossible to protect plaintiff's rights by the decree in that action. We see no conflict of jurisdiction between the federal court and this. Notwithstanding the foreclosure of the mortgage, the final decree to be made in the federal court will dispose of all that it could dispose of in any case; that is, the property or its proceeds, after the mortgage has been satisfied.

The appellant somewhat confuses the issue by his constant reference to the trustee's action as one pending in the bankruptcy court. It would be more accurate to speak of it as pending in a court which has jurisdiction of bankruptcy proceedings. The aid of the federal court is invoked, not as a bankruptcy court, but as a court of equity. The proceeding is not a proceeding in bankruptcy, but an action in equity to enhance the value of the bankrupt's estate. It might equally well have been brought in a state court. There is no authority for remitting the action to the federal court, and so the appellant appears to concede, for he does not argue that point.

Order affirmed, with $10 costs and disbursements. All concur.