### In re WELLMADE GAS MANTLE CO.

(District Court, D. Massachusetts. February 23, 1916.)

#### No. 21825.

1. BANKRUPTCY ☞101—JURISDICTION OF BANKRUPTCY COURT OVER BANKRUPT'S PROPERTY—CONFLICT OF JURISDICTION.

A bankrupt estate is within the exclusive jurisdiction of the bankruptcy court from the time of the filing of the petition, and its jurisdiction does not depend upon actual possession of the property affected.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 163; Dec. Dig. ☞101.]

2. BANKRUPTCY ☞101—CUSTODY OF PROPERTY—SEIZURE PENDING PROCEEDINGS—STATE COURT'S JURISDICTION.

After the filing of the petition, property admittedly belonging to an alleged bankrupt may not be seized or attached without the consent of the bankruptcy court, though actual possession of the property has not been taken by its officers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 163; Dec. Dig. ☞101.]

3. BANKRUPTCY ☞116—CUSTODY OF PROPERTY—SEIZURE PENDING PROCEEDINGS—"BANKRUPT'S ESTATE."

Under Bankr. Act July 1, 1898, c. 541, § 2, cl. 7, 30 Stat. 545 (Comp. St. 1913, § 9586), authorizing bankruptcy courts to determine controversies in relation to the bankrupt's estate and section 70a, cl. 5 (section 9654), providing that the trustee shall upon adjudication be vested as of the date of the adjudication with the bankrupt's title to all property which prior to the filing of the petition the bankrupt could have transferred, or which might have been levied upon or sold under judicial process against him, property in the possession of a bankrupt and bona fide claimed by him at the time of the filing of the petition, but also claimed by another person upon the ground that it was wrongfully obtained from him by the bankrupt, is a part of the "bankrupt's estate," and may not be replevied by such other claimant after the filing of the petition, though prior to the adjudication and before actual possession is taken by the officers of the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞116.

For other definitions, see Words and Phrases, First and Second Series, Estate.]

---

**4. BANKRUPTCY ☞152—TRUSTEE—TITLE TO PROPERTY.**

> Such title as a bankrupt possessed to property in his possession and claimed by him at the time of the filing of the petition, but also claimed by another party, passed to the trustee as of the filing of the petition.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. ☞152.]

In Bankruptcy. In the matter of the Wellmade Gas Mantle Company, bankrupt. On review of orders of the referee. Affirmed.

Joseph B. Jacobs, of Boston, Mass., for trustee.
Robert A. B. Cook, of Boston, Mass., for creditor.

MORTON, District Judge. After the filing of the involuntary petition in bankruptcy, and before the appointment of a receiver or adjudication, the respondents in these proceedings replevied certain property from the possession of the bankrupt upon a writ issued by the Municipal Court for the city of Boston. Subsequently there was an adjudication, and the present petitioner was appointed trustee. He prays that the respondents be directed to return the property so replevied, that they be enjoined from proceeding further with the suit in the municipal court, and that they be adjudged in contempt of this court.

The fundamental question is whether, after the filing of an involuntary petition in bankruptcy, persons have the right, by proceedings in a state court, to replevy property in the possession of the bankrupt, which they claim was obtained from them by fraud. The matter was fully heard by Mr. Referee Olmstead, who, in an elaborate opinion contained in his certificate, reached the conclusion that the prayers of the petition ought to be granted, and entered orders enjoining the suit in the municipal court and directing the return of the goods. From these orders the present review proceedings were taken by the claimants.

[1] A conflict of jurisdiction is to be regretted, and should be avoided if it be fairly possible to do so. In the present case the parties are standing upon their rights, the issue raised seems to involve unavoidably the question of jurisdiction, and I proceed to consider it. It is settled that a bankrupt estate is within the exclusive jurisdiction of the bankruptcy court from the time of the filing of the petition, and that this jurisdiction does not depend upon actual possession of the property affected.

"The filing of the petition and adjudication in the bankruptcy court in New York brought the property of the bankrupts, wherever situated, into custodia legis, and it was thus held from the date of the filing of the petition, so that subsequent liens could not be given or obtained thereon, nor proceedings had in other courts to reach the property, the court of original jurisdiction having acquired the full right to administer the estate under the bankruptcy law. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208, 27 Am. Bankr. R. 262." Day, J., Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305.

"When not otherwise specially provided, the rights, remedies, and powers of the trustee are determined with reference to the conditions existing when

the petition is filed. It is then that the bankruptcy proceeding is initiated, that the hands of the bankrupt and of his creditors are stayed, and that his estate passes actually or potentially into the control of the bankruptcy court. We have said: 'The filing of the petition is assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and disposition of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition' "—citing cases. Van Devanter, J., Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed., —— (1 Jan. 1916).

See, too, Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174.

[2] It follows that there is no right to seize or attach property admittedly belonging to an alleged bankrupt after the filing of the petition against him, without the consent of the bankruptcy court, regardless of whether actual possession of the property has been taken by its officers.

[3] The only point left open under the decisions referred to is whether property in the possession of a bankrupt and bona fide claimed by him at the time of such filing, but which another person also claims, upon the ground that it was wrongfully obtained by the bankrupt, constitutes part of the "estate." To hold that it does not, and that claimants are free to assert their alleged rights to it in any court where they can obtain jurisdiction, would obviously lead to great confusion and difficulty in the bankruptcy administration. The trustee, when appointed, might find replevin suits pending in an indefinite number of courts, and that a large part of the property which had been in the bankrupt's possession at the time when the petition was filed had been seized by claimants.

[4] The act explicitly vests bankruptcy courts with power to "determine controversies in relation to" the estate (section 2, clause 7), and also provides that the trustee shall, upon adjudication, be vested as of the date of adjudication with the title of the bankrupt to all property "which prior to the filing of the petition he (the bankrupt) could by any means have transferred or which might have been levied upon and sold under judicial process against him" (section 70a, cl. 5). While, if the respondent's claim to the property in question be well founded, the bankrupt could not rightfully have transferred it, and the trustee takes no better title than the bankrupt had (Clark v. Snelling, 205 Fed. 240, 123 C. C. A. 430; Bailey v. Baker Co., supra), it is clear that such title as the bankrupt possessed in the disputed property passed to the trustee as of the filing of the petition. The mere assertion of an adverse title did not deprive the bankrupt of the property; the adverse claim must be heard and decided; it may turn out to be unfounded.

No case in the federal courts explicitly deciding the important question here raised has come to my attention. In Everybody's Store, Inc., 207. Fed. 752, 125 C. C. A. 290, the issue was whether the respondent in the involuntary petition was insolvent. It was in possession of certain property, which it claimed to own. The petitioning creditors offered to show that the respondent's claim of ownership was not well founded, and that the property rightfully belonged to another per-

son. I ruled at the hearing that, in determining the question of solvency, the alleged bankrupt was to be credited with all property which it had possession of, and in good faith, and upon not unreasonable grounds, claimed to own, and I excluded the offered evidence. These rulings were affirmed by the Circuit Court of Appeals for this circuit. It follows that, as between the petitioning creditors and the alleged bankrupt, the property here in question constituted, at the filing of the petition, part of the "estate." It seems to me unwise and unsound to establish a different rule as to adverse claimants. The time of filing is the time at which the bankruptcy court's exclusive jurisdiction attaches, and is the date as of which the issue of solvency, if raised on the petition, is to be determined. I do not think that other courts, upon the mere assertion of an adverse title, ought to be permitted, pending the bankruptcy proceedings, to take from the alleged bankrupt property which he then had possession of and claimed, in good faith and upon not unreasonable grounds, to own.

The respondents rely on Ayers v. Farwell, 196 Mass. 349, 82 N. E. 35, in which it was held that property could be replevied under a state court writ from an adjudicated bankrupt, if actual possession of the property had not been taken by the bankruptcy court before it was seized on the replevin writ. The decision fully supports the respondents' position. See, also, In re Rathman (C. C. A.) 183 Fed. 913, 924, 925, 106 C. C. A. 253. In construing a federal statute, however, the construction put upon it by the United States Supreme Court and the Court of Appeals for this circuit is binding on this court. While the authority attaching to a decision of the Supreme Court of Massachusetts is very great, and a judge may well hesitate to differ from it, I am bound to say that Ayers v. Farwell seems to me, in its reasoning and in its conclusion on this point, to be inconsistent with the later cases in the United States Supreme Court to which I have referred. It should perhaps be added that Ayers v. Farwell was decided after York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, in which the broad expressions in Mueller v. Nugent had been doubted, and before the later case above referred to, in which those expressions were explicitly reaffirmed.

The order of the referee was right, and is affirmed.