### In re DRAKE MOTOR & TIRE MFG. CORPORATION.

(District Court, D. Tennessee, at Knoxville. July 26, 1923.)

No. 2625.

**1. Courts ⬡480(1)—Court will not enjoin proceedings in another court.**

One court will not interfere, by injunction or otherwise, with proceedings of another court.

**2. Bankruptcy ⬡20(1)—Bankruptcy court has power to enjoin proceedings in state court to protect its jurisdiction (Judicial Code, § 265 [Comp. St. § 1242]).**

Notwithstanding Judicial Code, § 265 (Comp. St. § 1242), bankruptcy court has power to enjoin proceedings in state court, if necessary to protect its own jurisdiction.

**3. Bankruptcy ⬡20(1)—Right to file bankruptcy petition must be exclusively determined by bankruptcy court.**

Right to file bankruptcy petition depends solely on bankruptcy statute, and must be exclusively determined by bankruptcy court, and is not to be affected by injunction proceedings of another court.

**4. Bankruptcy ⬡20(1)—Bankruptcy law is paramount, and bankruptcy court has exclusive right to bankrupt's property.**

Bankruptcy Law is paramount, and bankruptcy court has exclusive jurisdiction over and right to bankrupt's property, and such jurisdiction supplants all proceedings in state courts for such purpose.

**5. Bankruptcy ⬡11—Bankruptcy court cannot abandon or relinquish its jurisdiction.**

Bankruptcy court cannot abandon or relinquish its jurisdiction, even if it would.

**6. Bankruptcy ⬡20(1)—Bankruptcy court will restrain state court receiver from preventing filing of voluntary petition by threats of contempt proceeding in state court.**

Bankruptcy court will restrain receiver of petitioner's property, appointed by state court, from preventing petitioner from filing voluntary petition in bankruptcy by threats of contempt proceedings in state court.

In Bankruptcy. In the matter of the Drake Motor & Tire Manufacturing Corporation, alleged bankrupt. On application of alleged bankrupt for an injunction against William Hill and others, and on motion of R. A. Brown, receiver, and others, to strike said petition from the record. Petition granted, and motion denied.

Moore & Hartman, of Knoxville, Tenn., for bankrupt.

E. G. Stooksbury and W. J. Donaldson, both of Knoxville, Tenn., for receiver and others.

Bowen & Bowen, of Knoxville, Tenn., for petitioning creditors.

HICKS, District Judge. I briefly review the preceding steps in this controversy:

On June 6th George S. Barger and others filed an involuntary petition in bankruptcy against the Drake Motor & Tire Manufacturing Corporation. On June 12th the Drake Corporation answered the petition, admitting all its material allegations. On June 14th Ralph Cate was appointed receiver of the Drake Corporation. On June 21st R. A. Brown, receiver, and William Hill, J. R. Seaton, Bruce B. Seaton, and E. B. Bruce were allowed to enter their appearance and make defense to the involuntary petition filed by Barger and others. They made defense by answering and by motion to revoke the appointment of Cate, receiver of this court. This motion was denied on July 11, 1923.

On June 26th Newman and others, petitioning creditors in the involuntary petition, moved to revoke the order allowing Brown, receiver, and others to file an answer and to strike the answer from the record, which motions were disallowed on July 11, 1923. On June 20, 1925, the petitioning creditors, Barger and others, filed a petition seeking an injunction against Hill and others, inhibiting them from interfering with the process, procedure, and jurisdiction of this court in hearing and determining the involuntary petition in bankruptcy filed against the Drake Corporation on June 6th, which motion was allowed as against Hill, the Seatons, and Bruce on July 11, 1922. The clerk was directed to set the case for hearing upon the involuntary petition upon the question of adjudication "at as early a date as compatible with a speedy determination thereof."

No further steps were taken in this case, until July 19th, when the Drake Corporation filed its petition herein, averring, in substance, that it desired to file a voluntary pe-

tition in bankruptcy, setting out certain grounds therefor in said petition, and averring that they were intimidated and prevented from so doing by certain threats and innuendoes made by Brown, receiver, and by Hill and others, their agents and attorneys, to the effect that, if it should file said voluntary petition in bankruptcy, its officers and directors would be immediately prosecuted for contempt of the chancery court upon a charge of violating an injunction of that court.

On July 20th Brown, receiver, and others moved to strike said petition for an injunction from the record, and also answered said petition. In this answer a point blank denial is made of any threats having been made that, in case the officers and directors of the Drake Corporation filed a voluntary petition in bankruptcy, they would be prosecuted for contempt and placed in jail. It is also specifically denied that there has been any intimidation by threats or otherwise to prevent the Drake Corporation from filing a voluntary petition. There does, however, appear in said answer the following statement:

"The affairs of said corporation and its properties and assets are now in the hands of respondent R. A. Brown, as receiver under a chancery court proceeding pending in the chancery court of Knox county, Tenn., and are wholly within the jurisdiction of that court, and neither the said Moore & Hartman nor any other person now has any authority to act for or on behalf of said corporation, except by and with the consent and under the authority and orders given of and by said chancery court. Said corporation and all its officers, directors, and representatives, if any there be, have been enjoined by said chancery court from in any way disposing of or transferring or changing the nature of any of the property or assets of any kind or character belonging to said corporation, and notwithstanding the motion in said chancery court by some of the alleged directors of said corporation to have the injunction dissolved, said chancery court refused to dissolve the same, and said injunction is still in full force and effect. Moreover, said proceeding in chancery has been sustained as a general creditors' proceeding and said injunction has, by order of said chancery court, been enlarged so as to enjoin the defendant corporation and all its officers, directors, agents, and attorneys from instituting any sort of proceeding or taking any sort of action which would in any way be preliminary to, in aid of, incidental to, or have the effect of transferring the title or pos-

session of any of the property and assets of said defendant corporation or changing its nature, status, or condition in any sense whatsoever, or the taking of any step or the doing of anything, the purpose or effect of which might be to defeat this court of its jurisdiction and possession of any of the property or assets, books, papers, or records belonging to defendant corporation. And this enlargement of the injunction of said chancery court is also still in full force and has not been modified or dissolved."

The case referred to in the excerpt from the said answer is a bill filed by William Hill, J. R. Seaton, Bruce B. Seaton, and E. B. Bruce against the Drake Motor & Tire Manufacturing Corporation, on April 12, 1923, and pursuant to the filing of said bill R. A. Brown, clerk and master of the court, was appointed receiver of the Drake Corporation, and the Drake Corporation was enjoined from disposing of or changing the nature of any of the assets thereof. Upon its being made to appear to this court that Brown had been appointed receiver in the state court case prior to the appointment of Cate, the receiver of this court, and that an application to the Court of Civil Appeals by the defendants in that case, seeking to supersede the appointment of Brown, receiver, had been denied by the said Court of Civil Appeals, and that the bill in the state court had been filed prior to the petition for involuntary bankruptcy in this court, this court, recognizing the rule of comity existing between state and federal courts, and recognizing the unquestioned rule of law that one court should not summarily undertake to remove property in the hands of and under the jurisdiction of another court, directed its receiver, Ralph Cate, upon demand made of him by Brown, receiver of the state court, to deliver possession of all the assets of the Drake Corporation to the said Brown, receiver, and to then make proper application to the chancery court for the return of all of said assets to him (Cate) as the receiver of this court. By decree of the chancery court that court did direct its receiver, Brown, to demand of Cate, the receiver of this court, possession of said assets, and the receiver of this court immediately complied with said demand, and it appears from the petition of Barger and others, filed in this cause on June 20, 1923, that on June 19, 1923, Cate, the receiver of this court, filed his petition in the state court cause making application that the possession of said assets be restored to him as receiver in this proceeding.

So far as this court is advised from the

record, the state court has taken no action upon said application, but the state court has, as appears from a copy of its decree filed· herein and upon application of the solicitors for the complainant in the state cause, ordered Brown, receiver, to take charge of all the assets of the Drake Corporation, to intervene in the involuntary proceedings in this court and make defense thereto for the purpose of defending and protecting the jurisdiction of the state court and retaining possession and control of the assets, and to take such steps and institute such proceedings as may be necessary to protect and preserve the jurisdiction of the state court, and to incur all reasonable and necessary expenses to that end. The said decree further recites that, it having been made to ·appear to the court that the alleged officers and directors of·the Drake.Corporation have threatened to file a voluntary petition in bankruptcy, the injunction in the state cause was, by said decree, enlarged and amended, so that the Drake Corporation, its officers and directors, agents, and attorneys, were enjoined "from instituting any sort of action which would in any way be preliminary to, in aid of, incidental to or have the effect of superseding the title or possession of any of the property and assets of said defendant corporation, or changing its nature, status or condition in any sense whatsoever, or the taking of any step or the doing of anything, the purpose or effect of which might·be to defeat this court of its jurisdiction and possession of any of the property and assets," etc., of the Drake Corporation.

By said decree the bill in the state cause is also sustained as a general creditors' bill, and the usual· and necessary orders were passed looking to the winding up of the affairs of the Drake Corporation under such bill. While Brown, receiver, and others, as aforesaid, expressly deny that they are using any threats or other means to intimidate the officers and directors of the defendant Drake Corporation, or that they have made any threat to prosecute petitioners for contempt and place them in jail, yet there is nothing in the answer that indicates that in case such voluntary petition is filed that they do not intend to undertake such contempt proceedings. Upon the other hand, the indications are that they do intend so to·do, and to justify such action upon the ground that the filing of a voluntary petition in bankruptcy by the petitioners would be in contempt of the before mentioned injunction of the chancery court. In fact; this is the attitude assumed in the answer of Brown, receiver, and others, and is

the view expressed in the brief of learned counsel in support· thereof. I quote from pages 1 and 2 of the brief:

"It is a novel and unheard-of proceeding. Every court of equity has it within its exclusive jurisdiction and province to issue injunctions in proper cases and to punish persons for violation of its injunctive orders. No other court will attempt to interfere with the punishment by a court of equity of persons violating the injunctive orders of that court of equity, except upon appeal by the person so punished from a decree of that court of equity adjudging him guilty of contempt. Certainly, no court will undertake to arraign and try a person for contempt on account of a violation of the injunctive orders of some other court. So that, if these petitioners contemplate a violation of the injunctive orders of the chancery court of Knox county, it will be a matter for that court, when the act has been done, to determine whether or not they shall be punished for it. This is certainly not a matter over which the federal court or any other court other than the chancery court of Knox county would have any jurisdiction. The presumption is that, if what the petition·ers propose to do is not in violation of the injunction, then the chancery court of Knox county will not punish them; but, if what they propose to do is in violation of that injunction, then certainly this court and no other court will attempt to interfere with the chancery court of Knox county in the punishment of persons violating ·its injunctive orders. For these reasons, certainly, ·this honorable court should not grant an injunction against parties interested in the chancery court having these petitioners adjudged guilty of contempt, if in fact they should by any act of theirs be guilty of contempt in the willful violation of the injunctive orders of the chancery court."

This is not a petition seeking to have Brown, receiver, and others, enjoined from prosecuting the officers and directors of the Drake Corporation for contempt, if they violate an injunction; but this is a petition seeking to have Brown, receiver, and others, restrained from hindering and intimidating the petitioner, Drake Corporation, through its officers and agents, from filing a voluntary petition in bankruptcy. In other words, to put it simply, the question for determination is: Has this court the power, and, if so, should it, under the facts appearing, exercise the power, to restrain Brown, receiver, and others, from interfering by threats, intimidation, or ·otherwise, with the Drake Corporation, through its officers and agents in its contem-

plated effort to file a voluntary petition in bankruptcy.

[1] It is, of course, elemental that one court will not undertake to interfere by injunction or otherwise with the proceedings of another court. If any authority is needed to support this proposition, it is found in the following cases: In re Kellogg, 121 F. 333, 57 C. C. A. 547; Bear v. Chase, 99 F. 920, 40 C. C. A. 182; Daughters v. Christy, 223 Ill. 612, 79 N. E. 292; National Surety Co. v. Medlock, 2 Ga. App. 665, 58 S. E. 1131; Simmons v. Richards, 28 Tex. Civ. App. 112, 66 S. W. 687; Scott v. George's Creek Coal & Iron Co. (D. C.) 202 F. 251; Mutual Life Ins. Co. v. Fleischman, 149 App. Div. 23, 133 N. Y. S. 512; Carling v. Seymour Lumber Co., 113 F. 484, 51 C. C. A. 1; In re Lesser (D. C.) 100 F. 433; Mauran v. Crown Carpet Lining Co., 23 R. I. 324, 50 A. 331; Wilson v. Parr, 115 Ga. 629, 42 S. E. 5; In re Sage (D. C.) 224 F. 525; In re Reynolds (D. C.) 133 F. 585; Robinson v. White (D. C.) 97 F. 33; Clendening v. Red River Valley Nat. Bank, 12 N. D. 51, 94 N. W. 901. Indeed it is provided by section 265 of the Judicial Code (Comp. St. § 1242): "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, *except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy.*"

[2] But neither this well-settled rule of law nor this section 265 of the Judicial Code has any application in a case where a bankruptcy court is asked to protect and preserve its own jurisdiction by injunctive relief, as is clearly disclosed. This court is not in fact asked to enjoin any contempt proceeding in the state court, for there is not yet any such proceeding in that court; but this court would have the right so to do in case it should become necessary to keep its own doors open. "In cases holding that, in order to maintain the jurisdiction of a federal court properly invoked, and render its judgments and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined. French v. Hay, 22 Wall. 250 [note, 22 L. Ed. 857]; Dietzsch v. Huidekoper, 103 U. S. 494, 497 [26 L. Ed. 497]; Julian v. Central Trust Co., 193 U. S. 93, 112 [24 S. Ct. 399, 48 L. Ed. 629]; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 245 [25 S. Ct. 251, 49 L. Ed. 462]; Looney v. Eastern Texas R. R. Co., 247 U. S. 214, 221 [38 S. Ct. 460, 62 L. Ed. 1084]." Essanay Film Co. v. Kane, 258 U. S. 361, 42 S. Ct. 320, 66 L. Ed. 658.

16 F.(2d)—10

[3-5] The District Court has exclusive jurisdiction in bankruptcy, and this particular District Court is the only court in which the Drake Corporation can file a petition. Whether it has a right to be discharged in bankruptcy may be justiciable. Whether it has a right to file a petition in bankruptcy depends alone upon the bankruptcy statute (Comp. St. § 9585 et seq.), and this is a question to be determined in this court, and not to be affected by the injunctive process of another court. It is elemental that the Bankruptcy Law is paramount, that the jurisdiction of the District Court in bankruptcy is exclusive, that it has exclusive right to the property of the bankrupt estate, and that its jurisdiction supplants all proceedings in State courts for such purposes. In re Mullings Clothing Co., 238 F. 58, 151 C. C. A. 134, L. R. A. 1918A, 539; In re Wellmade Gas Mantle Co. (D. C.) 230 F. 502; Petition of Friedlaender, 233 F. 250, 147 C. C. A. 256; The Casco (D. C.) 230 F. 929; In re Grafton Gas & Elec. Light Co. (D. C.) 253 F. 668. If this proposition should be questioned, which will probably not be, further numerous authorities can be found on page 11771, United States Compiled Statutes 1916, vol. 9.

The bankruptcy court cannot avoid, abandon, or relinquish its jurisdiction, even if it would, and the order of this court to its receiver to deliver the assets to the state receiver upon his application was not a relinquishment of the jurisdiction of this court. It was nothing more than a recognition of the fact that jurisdiction of those assets had been primarily acquired by the state court, and that this court must therefore recover the same, not summarily or peremptorily, but by proper proceedings in the state court, in accordance with the law of the land and the rules of comity between courts. So far as the state court having right by injunctive process, directly or indirectly, to interfere with the filing of a petition in bankruptcy in this court, it is clearly held that, when such a petition is filed in the District Court, this of itself will displace proceedings brought in the state court within four months, where the state court proceedings are for the purpose of dissolving an insolvent corporation, or winding up its affairs and distributing its assets, such as is attempted in the state court in this cause. In re Watts, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933; In re Standard Fuller's Earth Co. (D. C.) 186 F. 578; In re Standard Cordage Co. (D. C.) 184 F. 156; In re Storck Lumber Co. (D. C.) 114 F. 360; Chandler v.

Siddle, Fed. Cas. No. 2,594; French v. O'Brien, 52 How. Prac. (N. Y.) 394; Barber v. Internat. Co., 73 Conn. 587, 48 A. 758; Moody v. Port Clyde Development Co., 102 Me. 365, 66 A. 967; Watson v. Citizens' Sav. Bank, 5 S. C. 159; State v. Superior Court of King County, 20 Wash. 545, 56 P. 35, 45 L. R. A. 177; In re Weedman Stave Co. (D. C.) 199 F. 948; Continental Bldg. & Loan Ass'n v. Superior Court, 163 Cal. 579, 126 P. 476.

[6] Tennessee courts fully recognize the jurisdiction of bankruptcy courts as exclusive. Bransford v. Black, 4 Tenn. Civ. App. 714. In its last analysis, the question is whether the bankruptcy court has the power to protect and preserve its own jurisdiction and keep its own doors open to the litigants seeking relief thereon, or whether, if they come at all, it be with a dread inspired by the forbidding command of another jurisdiction. There is only one answer. Powerless indeed must be that court whose portals open and close only at the instance of another. It is the duty of the court to see that its jurisdiction is preserved, and this is a duty which it cannot avoid. The allegations of the petition, together with the whole record, indicate as much by what is left unsaid as by what is said that this is a case where the court should interfere to the extent of allowing the Drake Corporation to present and file its voluntary petition.

An injunction was granted in a much similar situation in Tuchman v. Welch (C. C.) 42 F. 548. I have dealt with this situation at some length in the hope that these views may be somewhat helpful in determining this troublesome controversy. The parties are all before the court, and I do not think an original injunction bill is necessary.

An injunction will issue inhibiting Brown, receiver, and William R. Hill, J. B. Seaton, Bruce B. Seaton, and E. B. Bruce, complainants in the bill in the chancery cause, either through themselves or by their agents or attorneys, from hindering, interrupting, or interfering with the Drake Corporation, its officers and directors, by proceedings for contempt of any injunction or otherwise, with their filing or prosecuting in the bankruptcy court of its voluntary petition in bankruptcy. This restraining order, however, must be limited, as hereinbefore set forth, and it is not to be construed to mean that said parties are herein in any wise prohibited from themselves coming into this court for the assertion of any rights which they may conceive to have in the matters in controversy.

Opposing counsel will agree upon an order as provided by the rules.